UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Roscoe Chambers,                    )
                  Petitioner,       )
                                    )       No. 20 CV 50009
v.                                  )       Judge Iain D. Johnston
                                    )
Andrew Ciolli,[1]                   )
                  Respondent.       )

## MEMORANDUM OPINION AND ORDER

Petitioner Roscoe Chambers seeks restoration of 27 days good conduct time that he lost for threatening staff.  For the reasons that follow, his petition [1] and [6] is denied.

## BACKGROUND

Mr. Chambers is an inmate at AUSP Thomson.  He is serving a 360-month sentence after being convicted of multiple federal drug offenses in the Southern District of Iowa.  *See United States v. Roscoe Chambers*, Case No. 12 CR 71 (S.D. Iowa).  According to the Bureau of Prisons website, his projected release date is August 19, 2038.

Mr. Chambers lost 27 days good conduct credit for threatening staff during an incident at his earlier facility, USP McCreary.  The date of the incident and specifics are not provided.  According to the petition, his disciplinary hearing officer issued a decision on June 29, 2016, which he appealed to the Mid-Atlantic Regional Office on August 10, 2016.  After that appeal was denied, he appealed to the Bureau of Prisons' Office of General Counsel on August 24, 2016.  He filed this petition under 21 U.S.C. § 2241 seeking restoration of his good time credits on January 9, 2020.

In response to his petition, the defendant asserts that Mr. Chambers' petition should be dismissed because he failed to administratively exhaust his claims before filing suit.  Specifically, the defendant contends that Mr. Chambers should have filed his first appeal with the Western Regional Director because at the time he appealed he was at the USP Victorville in California.  According to the affidavit of Bree Reicks, the Warden's Secretary at Mr. Chambers' current facility, the Bureau of Prison's SENTRY system that tracks inmate administrative remedy filings indicates that the Mid-Atlantic Regional Director denied Mr. Chambers' appeal because he filed it with the wrong regional office.  Dkt. 8-1 at 2.  In support, the affidavit attaches a printout of the SENTRY entry in which the Mid-Atlantic Regional Director directed Mr. Chambers to "FILE YOUR APPEAL IN THE REGION YOU ARE ATTACHED."  Dkt. 8-1 at 62.  But according to Reicks, Mr. Chambers never refiled with the Western Regional

---

[1] The warden of AUSP Thomson is now Andrew Ciolli.  Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

Director, and instead appealed to the Office of General Counsel, which also denied his appeal because he started with the wrong regional office. Dkt. 8-1 at 2, 65.

## ANALYSIS

Persons in the custody of the Bureau of Prisons have a liberty interest in good time credits, and can challenge the loss of good time credits by filing a motion for habeas relief under 28 U.S.C. § 2241. *See Jackson v . Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Before obtaining relief in court for the wrongful denial of good time credits, a federal inmate must first exhaust his federal administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). The common law recognizes exceptions to exhaustion, but the hurdle is high. *Id.* Exhaustion will be excused only when:

(1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action;
(2) the agency lacks the ability or competence to resolve the issue or grant the relief requested;
(3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or
(4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (internal quotation marks and citations omitted). The exhaustion requirement is not jurisdictional and so is waived if not raised by the defendant. *See Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987).

In response to the government's argument that he did not exhaust because he filed his appeal with the wrong Regional Director, Mr. Chambers contends that he made "diligent efforts to exhaust but prison officials impeded his efforts," that he filed his appeal with the Regional Director for the region where the incident took place, there was no BOP regulation that required otherwise, and that even if there is a regulation that requires otherwise, the defendant should have given "fair notice of what is prohibited," and that if "Chambers was suppose[d] to file the appeal in the Western District, shouldn't the BOP [have] alerted Chambers to this fact?" Reply [10] at 3. Mr. Chambers is wrong that no regulation required him to file his appeal in the region where he was currently located, as opposed to the region where the incident occurred. Under 28 C.F.R. § 542.14(d)(2), disciplinary hearing officer "appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located." Mr. Chambers seems to argue that the defendant never told him about that requirement. But even if he did not have reason to know of it before he appealed, he had reason to know once the Mid-Atlantic Regional Director denied his appeal and directed him to "FILE YOUR APPEAL IN THE REGION YOU ARE ATTACHED." Dkt. 8-1 at 62. In his petition and reply, Mr. Chambers never denies receiving the Mid-Atlantic Regional Director's denial of his appeal, and never asserts that he re-filed with the Western Regional Director.

Mr. Chambers' failure to appeal to the correct Regional Director, even after being directed to do so, does not fall under any of the common-law exceptions to the requirement that

he exhaust his administrative remedies. Accordingly, his petition is subject to dismissal for failure to exhaust.

## CONCLUSION

For the reasons given, Mr. Chambers petition [1] and [6] is dismissed, and this case is closed. Mr. Chambers is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Chambers need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Mr. Chambers cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: March 5, 2021          By: _____

　　　　　　　　　　　　　　　Iain D. Johnston
　　　　　　　　　　　　　　　United States District Judge